IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEONARD ALLEN MORRISON,**

    Petitioner

v.                                                                                                  Civil No. **3:20CV576**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition (§ 2254 Petition," ECF No. 1). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Petitioner indicated that his only appeal was to the Court of Appeals of Virginia (ECF No. 1, at 2), and that he had filed no other appeals or petitions concerning this judgment of conviction. (*Id.* at 3.) Petitioner stated that he had only raised his second and third claim in a direct appeal and had not raised his other claims in any petition or appeal. (*Id.* at 5–10.) Petitioner indicated that he had not raised any claim in the Supreme Court of Virginia. (*Id.* at 15.) Thus, the record failed to demonstrate that Petitioner had properly exhausted his state court remedies with respect to his four claims.

By Memorandum Order entered on August 10, 2020, the Court directed Petitioner to show cause, within eleven (11) days of date of entry thereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Petitioner has responded. Petitioner suggests that he

did, indeed, raise some of his claims in an appeal before the Supreme Court of Virginia. (ECF No. 3, at 1.) However, Petitioner admits that, "as for the claims that I have brought before this court and no other is due to the fact that the counsel appointed to me told me, that due to the fact that trial counsel failed to raise specific issues during my trial, my appeal was limited to certain parameters." (*Id.* (spelling and punctuation corrected).) Petitioner fails to identify with specificity which claims he raised in his direct appeal before the Supreme Court of Virginia.[1]

Petitioner has clearly not presented all four of his claims to the Supreme Court of Virginia or received a ruling from that court on each claim. Petitioner can file a habeas petition *pro se* in the state courts and raise these unexhausted claims. Thus, Petitioner has failed to show good cause as to why he has failed to exhaust his claims. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.[2] Petitioner may file a § 2254 petition in this Court after he has exhausted his remedies in state court.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional

---

[1] In his § 2554 Petition, he admits that he did not exhaust his state remedies with respect to Claims One and Four. (ECF No. 1, at 5, 10.) For Claims Two and Three, Petitioner checked the box "yes" for whether he raised these issue in his appeal. (*Id.* at 6, 8.) However, it is still unclear which of his four claims he raised in the Supreme Court of Virginia.

[2] The United States Supreme Court has approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, *i.e.*, those petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274–76 (2005). However, "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," which is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Here, it appears that the Supreme Court of Virginia dismissed his appeal in April 2020 (*see* ECF No. 3, at 3), and Petitioner can file a habeas petition raising these claims in state court. Petitioner has failed to show good cause for his failure to exhaust all of his claims in state court.

right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

    An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 9/8/20
Richmond, Virginia